**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOSUE ALVAREZ,** **Individually and on behalf of all others similarly situated,** | § § § | **Civil Action No.** 5:18-cv-01298 |
| ***Plaintiff,*** | § § § | |
| **v.** | § § | **JURY TRIAL DEMANDED** |
| **EMERGENCY SITE PROTECTION, LLC, GRYPHON OILFIELD SOLUTIONS, LLC, and SANCHEZ OIL & GAS CORPORATION,** | § § § § | |
| ***Defendants.*** | § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b)** |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff Josue Alvarez ("Plaintiff" or "Alvarez") brings this action individually and on behalf of all others similarly situated ("Plaintiff and the Putative Class Members") who worked for Emergency Site Protection, LLC, Gryphon Oilfield Solutions, LLC, and/or Sanchez Oil & Gas Corporation (collectively "Defendants") at any time from three years preceding the filing of the Original Complaint through the final disposition of this matter, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938.

## I. OVERVIEW

1. This is a collective action to recover minimum wages, overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Defendants at any time from December 10, 2015 through the final disposition of this matter, and were not paid (a) any overtime and/or (b) the correct amount of overtime compensation.

3. Defendants improperly classified Plaintiff and the Putative Class Members as independent contractors.

4. Although Plaintiff and the Putative Class Members routinely worked (and work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5. The decision by Defendants not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

6. Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7. Plaintiff and the Putative Class Members therefore seek to recover all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

8. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

9. Plaintiff Josue Alvarez ("Alvarez") was employed by Defendants during the relevant time period. Plaintiff Alvarez did not receive the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

---

[1] The written consent of Josue Alvarez is hereby attached as Exhibit "A."

10. The Putative Class Members are those current and former workers who were employed by Defendants at any time during the relevant time period and have been subjected to the same illegal pay system under which Plaintiff Alvarez worked and was paid.

11. Defendant Emergency Site Protection, LLC ("ESP") is a Texas limited liability company, licensed to and doing business in Texas, and may be served through its registered agent for service of process: **Michael William McCoy, 55 West Double Green Circle, The Woodlands, TX 77382**.

12. Defendant Gryphon Oilfield Solutions, LLC ("Gryphon") is a foreign limited liability company, licensed to and doing business in Texas, and may be served through its registered agent for service of process: **CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201-3136**.

13. Defendant Sanchez Oil & Gas Corporation ("Sanchez") is a foreign corporation, licensed to and doing business in Texas, and may be served through its registered agent for service of process: **CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201-3136**.

14. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over ESP, Gryphon, Sanchez and Plaintiff and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION AND VENUE

15. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16. This Court has personal jurisdiction over Defendants because the cause of action arose within this district as a result of Defendants' conduct within this District and Division.

17. Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

18. Specifically, Defendants have maintained a working presence in Carrizo Springs, Texas and Plaintiff Alvarez worked in Carrizo Springs, Texas throughout his employment with Defendants, all of which are located within this District and Division.

19. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

20. Defendants Gryphon and ESP provided and continue to provide security services to their clients, including oil and gas producers like Defendant Sanchez, at Sanchez's well sites throughout the State of Texas.

21. Plaintiff and the Putative Class Members provided security services for Defendants' benefit and were paid by the hour.

22. Plaintiff Alvarez was employed by Defendants as a security/gate guard from approximately March 2018 until October 2018.

23. Plaintiff and the Putative Class Members' job duties consisted of patrolling the job sites of Defendants' clients, including Defendant Sanchez, and searching people and vehicles coming onto those job sites.

### *Defendants are Joint Employers under the FLSA*

24. Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

25. Defendants directly or indirectly hired Plaintiff and the Putative Class Members, controlled their work schedules and conditions of employment, and determined the rate and method of the payment of wages.

26. Defendants maintained control, oversight, and direction over Plaintiff and the Putative Class Members, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

27. Defendants mutually benefitted from the work performed by Plaintiff and the Putative Class Members.

28. Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and the Putative Class Members.

29. Specifically, Plaintiff Alvarez received daily direction from Defendants ESP, Gryphon, and Sanchez about tasks he was to perform for Defendants, including how to perform those tasks and when the tasks were due.

30. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and the Putative Class Members.

31. Specifically, Defendants dictated the routine and goals that needed to be done in order to meet the goals of the respective Defendants or their customers.

32. Moreover, all Defendants had the power to hire and fire Plaintiff and the Putative Class Members; supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

33. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

***Plaintiff and the Putative Class Members are Employees; Not Independent Contractors***

34. Plaintiff and the Putative Class Members' primary job duties related to providing security services for Defendants, services which were (and continue to be) assigned by Defendants.

35. Plaintiff and the Putative Class Members would conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans coordinated by Defendants.

36. Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans and procedures set by Defendants.

37. Virtually every job function was pre-determined by Defendants, including how to perform the tasks set by Defendants, the schedule of work, and related work duties.

38. In fact, Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters.

39. Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

40. Indeed, Plaintiff and the Putative Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual and routine labor.

41. Plaintiff and the Putative Class Members' duties did not (and currently do not) include the exercise of independent discretion or judgment.

42. Plaintiff and the Putative Class Members' duties did not (and currently do not) concern work directly related to the management or general business operations of Defendants.

43. Defendants determined the hours Plaintiff and the Putative Class Members worked.

44. Defendants determined the clients Plaintiffs and the Putative Class serviced.

45. Defendants set Plaintiff and the Putative Class Members' pay and controlled the number of hours they worked.

46. Defendants set all employment-related policies applicable to Plaintiff and the Putative Class Members.

47. Defendants maintained control over pricing and marketing. Defendants also chose equipment and product suppliers.

48. Defendants ESP and Gryphon required Plaintiff Alvarez to represent Defendants ESP and Gryphon as an ESP employee at job sites, including wearing patches bearing Defendant ESP's logo on his uniform.

49. Defendants owned or controlled the materials and supplies Plaintiff and the Putative Class Members used to perform their work.

50. Defendants had the power to hire and fire Plaintiff and the Putative Class Members.

51. Defendants made all personnel and payroll decisions with respect to Plaintiff and the Putative Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Class Members an hourly rate with no overtime pay.

52. Defendants reimbursed Plaintiff and the Putative Class Members for expenses and bought or provided the materials Plaintiff and the Potential Class Members used.

53. Plaintiff and the Putative Class Members did not employ their own workers.

54. Plaintiff and the Putative Class Members worked for Defendants a permanent full-time basis.

55. Defendants, instead of Plaintiff and the Putative Class Members, made the large capital investments in vehicles, buildings, equipment, and supplies. Moreover, Defendants paid operating expenses like rent, payroll, marketing, insurance, and bills.

56. Plaintiff and the Putative Class Members relied on Defendants for their work. Defendants did not permit Plaintiff and the Putative Class Members to market any business or services of their own.

57. Plaintiff and the Putative Class Members worked the hours assigned by Defendants, performed duties assigned by Defendants, worked on projects assigned by Defendants, and worked for the benefit of Defendants' customers, including Defendant Sanchez.

58. Defendants paid Plaintiff and the Putative Class Members on a weekly basis. Plaintiff and the Putative Class Members did not earn a profit based on any business investment of their own

59. Defendants improperly classified Plaintiff and the Putative Class Members as independent contractors. The classification was improper because Plaintiff and the Putative Class Members were not in business for themselves. Instead, they were economically dependent upon Defendants for their work.

60. Defendants paid Plaintiff and the Putative Class Members an hourly rate for all hours worked, but did not pay the correct amount of overtime for all hours worked over forty each week.

61. Specifically, Plaintiff worked 84 hours each week for Defendants, but was only paid for 28 hours of overtime each week.

62. Thus, Defendants did not pay Plaintiff and the Putative Class Members the correct amount of overtime for all hours worked in excess of forty (40) in a workweek.

63. Defendants knew or should have known that the proper amount of overtime compensation was not being paid to Plaintiff and the Putative Class Members in violation of the FLSA.

64. Defendants knew or should have known that their failure to pay the correct amount of overtime wages to Plaintiff and Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

65. As a result of Defendants' policy and practice of failing to pay Plaintiff and the Putative Class Members for all hours worked in excess of forty (40) in a workweek at the rates required by the FLSA, Defendants' pay policies and practices violate the FLSA.

66. Defendants have employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff Alvarez.

67. Defendants are aware of their obligation to pay the proper amount of overtime for all hours worked in excess of forty (40) each week to Plaintiff and the Putative Class Members but have failed to do so.

68. Because Defendants did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Defendants' pay policies and practices violate the FLSA.

## V.
## CAUSE OF ACTION

### A. FLSA COVERAGE

69. All previous paragraphs are incorporated as though fully set forth herein.

70. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER SECURITY GUARDS WHO WERE EMPLOYED BY EMERGENCY SITE PROTECTION, LLC, GRYPHON OILFIELD SOLUTIONS, LLC, AND/OR SANCHEZ OIL & GAS CORPORATION AT ANY TIME FROM DECEMBER 10, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

71. At all material times, Defendants have been joint employers within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

72. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(1) of the FLSA because Defendants have had and continues to have employees engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

73. Specifically, Defendants purchased materials through commerce, including uniforms for Plaintiff and the Putative Class Members, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, United States mail, and electronic mail.

74. At all material times, Plaintiff and the FLSA Collective Members are (or were) employees who engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206–07.

75. At all material times, Defendants have had (and continue to have) an annual gross business volume in excess of the statutory minimum of $500,000.00. 29 U.S.C. § 203(s)(1).

**B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

76. Defendants violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and 215(2)(a), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment for all hours in excess of forty (40) per week at rates at least one and one-half times the regular rates for which they were employed.

77. Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

78. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay according to the law.

79. The decision and practice by Defendants not to pay all overtime due, was neither reasonable nor in good faith.

80. Plaintiff and the FLSA Collective Members are entitled to overtime wages for all hours worked over forty each week pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages in an amount equal to their overtime wages, in addition to attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

81. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff Alvarez.

82. Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

83. The FLSA Collective Members are defined in Paragraph 70.

84. Defendants' systematic failure to timely pay overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of Plaintiff Alvarez.

85. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

86. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

87. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be timely and properly compensated for all hours worked in excess of forty (40) hours per workweek.

88. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are non-exempt workers entitled to be paid the proper amount of overtime compensation for all hours worked over forty (40) each week.

89. Defendants have employed (and continues to employ) numerous security guards during the past three years.

90. Absent a collective action, many members of the proposed FLSA class will not likely obtain redress of their injuries and Defendants will retain the proceeds of their rampant violations.

91. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

92. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined in Paragraph 70 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

93. Plaintiff respectfully prays for judgment against Defendants as follows:

   a. For an Order certifying the FLSA Collective as defined in Paragraph 70 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

   b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   c. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

   d. For an Order awarding the costs and expenses of this action;

   e. For an Order attorneys' fees;

   f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

   g. For an Order awarding Plaintiff Alvarez a service award as permitted by law;

   h. For an Order compelling the accounting of the books and records of Defendants, at Defendants' expense; and,

      i.      For an Order granting such other and further relief as may be necessary and appropriate.

Date:   December 11, 2018

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:   */s/ Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Texas Bar No. 24101879
carter@a2xlaw.com
**George Schimmel**
Texas Bar No. 24033039
geordie@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys for Plaintiff and the Putative Class Members***